IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PAUL OSCAR OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-485-S-LMB |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| OFFICIALS OF I.D.O.C.; JOHN DOE - | ) | |
| I.S.C.I. Classifying Officer; THOMAS | ) | |
| BEAUCLAIR and VAUGHN KILLEEN; | ) | |
| RANDY BLADES - Warden I.S.C.I; | ) | |
| JOHN/JANE DOES - all I.S.C.I. | ) | |
| Medical Staff; PHILLIP VALDEZ - | ) | |
| Warden I.C.C./C.C.A; SUSAN | ) | |
| BAJOVICH - Director of I.C.C. Medical; | ) | |
| JOHN/JANE DOES - all Medical Staff; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Court previously ordered Plaintiff to file an amended complaint in order to

proceed in this matter.  *See Initial Review Order* (Docket No. 7).  Plaintiff filed a Motion

to Amend Complaint (Docket No. 13) which appears to be a combination of a motion and

proposed Amended Complaint.  To avoid further delay, the Court will construe Docket

No. 13 as an Amended Complaint and instruct the Clerk of Court to docket it as such.

Plaintiff has also filed a Motion for Appointment of Counsel (Docket No. 14), and

a Motion for Extension of Time to File Exhibits Supporting Motion for Appointment of

Counsel (Docket No. 15).  Plaintiff has filed as exhibits to his Motion for Appointment of

**ORDER  1**

Counsel his medical records, his Affidavits, and a statement from the inmate giving him legal assistance.  The Court now reviews the Amended Complaint, the pending Motions, and Plaintiff's exhibits.

## I.

### REVIEW OF AMENDED COMPLAINT AND OTHER MOTIONS

**A.    Background**

Plaintiff, an Idaho Department of Correction (IDOC) inmate housed at the Idaho State Correctional Institution (ISCI) at the time in question, was working as a janitor on or about April 25, 2005, when he fell backwards onto the floor as he tried to ascend stairs with a bucket of water in his hand.  A prison emergency medical response team responded to the report of the accident.  Plaintiff alleges that after x-rays of Plaintiff's back were taken, prison doctors recommended back surgery.  Plaintiff also alleges that after new doctors were hired at the prison, they did not allow him to have the surgery.  He alleges that he has received minimal and inadequate care for his back injury, amounting to an Eighth Amendment medical indifference violation.  Plaintiff further alleges that unknown defendants retaliated against him when he was later transferred to the Idaho Correctional Center (ICC).

**B.    Standard of Law**

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.

**ORDER  2**

1991).  In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the

requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal
> participation by the defendant.  *Fayle v. Stapley*, 607 F.2d 858, 862 (9th
> Cir.1979).   A supervisor is only liable for constitutional violations of his
> subordinates if the supervisor participated in or directed the violations, or
> knew of the violations and failed to act to prevent them. There is no
> respondeat superior liability under section 1983.

**C.     Defendants**

> 1.     Officials of IDOC and John and Jane Doe Defendants

Plaintiff may not proceed at this time against unnamed "Officials of IDOC" or

"John and Jane Doe" defendants, because service of process cannot be accomplished

unless the true names of such individuals are known.  Plaintiff may conduct discovery

and add the true names of these parties in a second amended complaint.  The Court shall

set a deadline of May 31, 2007, for Plaintiff to file a second amended complaint asserting

the true names of any persons that should be joined or added as named defendants in this

case.

> 2.     Thomas Beauclair and Vaughn Killeen

Plaintiff states that he wishes to include as a defendant the individual who was

Director of the IDOC at the time of the incident, either Thomas Beauclair or Vaughn

Killeen.  The incident occurred in 2005, when Thomas Beauclair was the Director.

Because the Amended Complaint states no cause of action against Vaughn Killeen, who

was appointed in 2006, Plaintiff may not proceed against Killeen.

**ORDER  3**

Plaintiff brings an Eighth Amendment claim against Beauclair of deliberate indifference failure to train or supervise.  This is a colorable claim, although Plaintiff will need to assert more specific facts and satisfy the causation element regarding the failure to train or supervise in order to survive a pretrial motion for summary judgment.  It is also unclear whether Plaintiff has exhausted his administrative remedies as to this claim. Because this is only the initial review stage, the Court will allow Plaintiff to proceed on this claim.

3.      Warden Blades and Warden Valdez

Plaintiff asserts that Warden Blades and Warden Valdez failed to provide proper training and supervision of staff, and failed to see that Plaintiff obtained proper medical treatment, contrary to the Eighth Amendment.  Again, these claims are cognizable, but it is unclear whether Plaintiff's administrative remedies have been exhausted, but at this stage of the proceedings he will be allowed to proceed on these claims at this time.

4.      Susan Bajovich, Director of ICC Medical Department

Plaintiff also alleges that Susan Bajovich, Director of the ICC Medical Department, failed to provide proper training and supervision of staff, and failed to provide Plaintiff with proper medical treatment, which he alleges is contrary to the Eighth Amendment.  These claims are cognizable, but it is unclear whether administrative remedies have been exhausted.  Plaintiff may proceed on these claims at this time but it will later be important to determine if he has exhausted his administrative remedies.

**ORDER  4**

5.    Summary

For purposes of initial review, Plaintiff may proceed on the Eighth Amendment claims against Thomas Beauclair, Warden Blades, Warden Valdez, and Susan Bajovich. At this time, he may not proceed on Eighth Amendment deliberate indifference claims or First Amendment retaliation claims against any unnamed Defendants.  He may not proceed against Vaughn Killeen because he has failed to state a claim upon which relief can be granted.  Because Plaintiff is proceeding in forma pauperis, the Clerk of Court will effect service upon Defendants.

After Defendants file their responsive pleadings, then Plaintiff may proceed with discovery as allowed by the governing rules of procedure.  Plaintiff is cautioned that discovery requests are not to be filed with the Court, but that requests and responses are exchanged only between Plaintiff and Defendants' attorneys.

**D.    Other Pending Motions**

Plaintiff has also filed a Motion for Appointment of Counsel (Docket No. 14), and Motion for Extension of Time to File Exhibits Supporting Motion for Appointment of Counsel (Docket No. 15).  Good cause appearing, Plaintiff's Motion for Extension of Time to File Exhibits (Docket No. 15) is granted.  The Court has considered the exhibits in deciding Plaintiff's Motion for Appointment of Counsel.

In civil cases, counsel should be appointed only in "extraordinary cases." *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986).  To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on

**ORDER  5**

the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in

light of the complexity of legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017

(9th Cir. 1991).  Neither factor is dispositive, and both must be evaluated together.  *Id.*

      Plaintiff has included with his request for appointment of counsel medical records

showing that he is developmentally delayed or mildly retarded.  Plaintiff has some other

mental health issues that appear to be adequately controlled by medication.  To date, it is

clear that Plaintiff has had more than adequate assistance from another inmate in

presenting his claims.

      At this point, it is difficult to determine the likelihood of success on the merits.

The standard of law for deliberate indifference is extremely high and requires the jury to

find a subjective component to the Defendants' behavior.  *Cf. Ledford v. Sullivan*, 105

F.3d 354, 359 (7th Cir. 1997) (declining to appoint a court expert).[1]  Many deliberate

indifference claims are disposed of by summary judgment because there is no evidence of

subjective intent.  Prior to deciding this issue, the Court would first want to review

Defendants' filings regarding this subject before determining whether appointment of

---

[1]  In *Ledford v. Sullivan*, the Court reasoned:

> Because the test for deliberate indifference is more closely akin to criminal law
> than to tort law, the question of whether the prison officials displayed deliberate
> indifference toward Ledford's serious medical needs did not demand that the jury
> consider probing, complex questions concerning medical diagnosis and judgment.
> The test for deliberate indifference is not as involved as that for medical
> malpractice, an objective inquiry that delves into reasonable standards of medical
> care.

105 F.3d at 359.

**ORDER  6**

counsel is necessary.  At this time, the motion for appointment of counsel will be denied

without prejudice, but may be reconsidered at a later date in this action when the Court

has had an opportunity to review the substance of Defendants' defenses and their

position.

Plaintiff should be aware that a federal court has no authority to require attorneys

to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d).  *Mallard v. U.S.*

*Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989).  Rather, when a Court

"appoints" an attorney, it can only do so if the attorney voluntarily accepts the

assignment.  *Id.*  The Court has no funds to pay for attorney's fees in civil matters.

Therefore, it is often difficult to find attorneys willing to work on a case without payment.

For these reasons, Plaintiff should continue to attempt to procure his own counsel on a

contingency or other basis, or to draw upon legal assistance available through legally

trained inmates at the prison, if possible.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Amend

Complaint (Docket No. 13) is GRANTED.  Docket No. 13 shall be construed and

docketed as the Amended Complaint.

IT IS FURTHER ORDERED that the deadline for Plaintiff to file a second

amended complaint asserting the true names of any persons Plaintiff wishes to include as

**ORDER  7**

defendants in this case is **February 28, 2007**.  If he fails to do so, all claims against

unnamed defendants shall be dismissed.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel

(Docket No. 14) is DENIED without prejudice.

IT I S FURTHER ORDERED that Plaintiff's Motion for Extension of Time to File

Exhibits Supporting Motion for Appointment of Counsel (Docket No. 15) is GRANTED.

IT IS FURTHER ORDERED that the following Defendants shall be allowed to

waive service of summons by executing, or having their counsel execute, the Waiver of

Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court

within thirty (30) days. If Defendants choose to return the Waiver of Service of

Summons, the answer or pre-answer motion shall be due in accordance with Rule

12(a)(1)(b).   Accordingly, the Clerk of Court shall forward a copy of the Amended

Complaint (Docket No. 13), and a copy of this Order, and a Waiver of Service of

Summons to the following counsel:

> Paul Panther, Deputy Attorney General for the State of Idaho, Idaho Department of
>
> Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of
>
> Defendants Thomas Beauclair and Randy Blades; and to Sherril Gantreaux,
>
> Corrections Corporation of America (CCA), 10 Burton Hills Boulevard, Nashville,
>
> TN 37215, on behalf of Defendants Phillip Valdez and Susan Bajovich.

Should any named legal entity or governmental agency determine that the

individuals for whom it was served are not, in fact, its employees or former employees, or

**ORDER  8**

that its attorney will not be appearing for particular former employees, it should notify the Court's Pro Se Unit promptly in writing (Pro Se Unit, U.S. District Court, 550 West Fort Street MSC 042, Boise, ID 83724) or via the CM/ECF system, with a copy to Plaintiff.

IT IS FURTHER ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

**ORDER  9**

Finally, IT IS FURTHER ORDERED that Plaintiff shall notify the Court immediately if his address changes.  Failure to do so may be cause for dismissal of this case without further notice.



DATED:  **January 4, 2007**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER  10**